Footnotes
in HTML versions of opinions are designated by boxes or squares in the text
(click on either for the footnote text) and are not numbered. For an exact copy
of the opinion, retrieve the Adobe PDF version.

 

 IN
THE SUPREME COURT OF TEXAS

 

════════════

No.
06-0042

════════════

 

In re The Honorable Charles Holcomb, Relator

 

════════════════════════════════════════════════════

On
Petition for Writ of Mandamus

════════════════════════════════════════════════════

 

Argued January 24, 2006

 

Justice
Brister delivered the opinion of the Court, in which Chief Justice Jefferson,

Justice Hecht, Justice Medina and Justice Green joined.

 

            Justice Wainwright filed a dissenting
opinion, in which Justice O’Neill and
Justice Johnson joined.

 

            Justice Willett did not participate in
the decision.

 

            In
this companion case to In re Francis, another candidate for the Texas Court of Criminal Appeals filed a
petition containing a defect that was overlooked. Out of hundreds of signatures gathered for his petition, by chance
two volunteers obtained signatures from the same nine people. Though a
careful review of the petition would have disclosed the duplications, neither
the candidate nor the Republican State Chair noticed them. As a result, the
petition was five signatures short of the statutory minimum. Because it is
undisputed that Holcomb could have remedied this defect in time had the State
Chair pointed it out, we hold that he is entitled to an opportunity to cure and
be included on the primary ballot.

            On
December 28, 2005 — five days before the January 2nd filing deadline — Relator Charles Holcomb, currently Judge of the Texas Court of
Criminal Appeals, Place 8, filed his application and an accompanying petition
as a candidate for re-election. The petition was required to contain at least
50 signatures of eligible voters from each of the State’s 14 appellate
districts. 

            At
issue in this proceeding is the portion of Holcomb’s petition purporting to
contain 54 signatures from the Thirteenth Court of Appeals district in south Texas. The record reflects that these signatures were gathered by
two different circulators on Holcomb’s behalf, who
circulated petitions at two different meetings, in two different locations, on
two different days. Unbeknownst to either circulator or to Holcomb, some people
attended both meetings, and nine signed his petition twice. A facial review of
the petition would have disclosed the duplications.

            The
day after Holcomb submitted his application and petition to the Republican
State Chair, a Party representative reviewed the application as required by
law, accepted it, and listed Holcomb as a candidate on the Party’s website.
Four days later, and thirty minutes before the filing deadline, an attorney for
another candidate notified Party officials about the duplications. Five days
after that, on Saturday, January 7, 2006, a Party representative notified
Holcomb that his application was defective and he would not be listed as a
candidate. 

            On
January 11, 2006, Holcomb filed an application for injunctive relief seeking an
opportunity to correct the error in his petition. His opponent intervened, and
after an evidentiary hearing, the trial court denied Holcomb’s request. After
unsuccessfully seeking relief in the Third Court of Appeals, Holcomb filed for
mandamus relief in this Court.

            Consistent
with our analysis in Francis, we hold a petition containing duplicate
signatures is invalid, but the Election Code does not mandate that the
candidate therefore be punished by exclusion from the ballot. Given the
statute’s silence regarding the correct penalty, we must look to the purposes
of the Code. If a candidate’s filings contain facial errors that can easily be
cured, the Code requires the state chair to reject the petition and notify the
candidate of the defects. If the state chair fails to do so, candidates should
have the same opportunity to cure as they would have had before the deadline
passed. 

            At
the trial court and on appeal, Holcomb alleged that he could have obtained five
more valid signatures from south Texas in the four days after his petition was
accepted if he had been told he needed to do so. Neither the Republican Party
of Texas nor Holcomb’s opponent dispute that fact.
Accordingly, we hold the trial court erred by not requiring the State Chair to
grant Holcomb the same opportunity to cure he would have had if the Party’s
review had notified him of the facial defect in his petition. 

            We
conditionally grant the writ of mandamus and direct the trial court to abate
the proceeding to allow Holcomb to cure the defect. We are confident that the
trial court will promptly comply, and our writ will issue only if it does not.

 

 

_________________________________

Scott
Brister

Justice

 

OPINION DELIVERED:
January 27, 2006